UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHET MORRISON CONTRACTORS, L.L.C.** | * * * | CIVIL ACTION NO. _____ |
| | * | SECTION "_____" |
| Versus | * | |
| | * | HONORABLE |
| **PALM ENERGY OFFSHORE, L.L.C.** | * | |
| **and H.C. RESOURCES, L.L.C** | * | MAGISTRATE |
| | * | |

******************************************************************************

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Chet Morrison Contractors, L.L.C. ("Chet Morrison"), which, respectfully, denies that it chartered the L/B NICOLE EYMARD during the summer of 2008; but, if it is ever determined that Chet Morrison did; in the alternative, upon information and belief, Chet Morrison avers as follows:

I.

Chet Morrison is a Louisiana limited liability company, which resides in Terrebonne Parish, Louisiana.

II.

Made defendants herein are Palm Energy Offshore, L.L.C. ("PEO"), a domestic limited liability company residing in Jefferson Parish, Louisiana; and H.C. Resources, L.L.C. ("HCR"), a domestic limited liability company residing in Jefferson Parish, Louisiana.

III.

PEO entered into a Master Services Agreement with Chet Morrison's predecessor in interest, Chet Morrison Well Services, Inc. (which was merged into the survivor entity filing this suit), effective May 28, 2008.  HCR also entered into a Master Services Agreement with Chet Morrison Well Services, Inc. (hereinafter "CMWS"), effective May 28, 2008.  Chet Morrison is

the successor in interest to CMWS' contracts.

IV.

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333, as the instant dispute arises out of admiralty.  Even if the charter of the liftboat in question was not inherently a maritime dispute, which it is, the parties have expressly agreed that any dispute between them shall be ruled by General Maritime Law.

V.

Venue is proper in this court pursuant to 28 U.S.C. § 1391.  Additionally, the parties have expressly agreed that any dispute between them shall be brought in this Court.

VI.

On or about July 15, 2008, the vessel, L/B NICOLE EYMARD, went on charter in the Gulf of Mexico, and moved to the Chandeleur 37 block adjacent to the coast of the State of Louisiana, where it worked on plugging and abandonment ("P&A") and/or temporary abandonment ("TA") projects at several wells.  With its work done, the vessel demobilized on July 27, 2008.

VII.

While on charter in the Chandeleur 37 block, the L/B NICOLE EYMARD worked solely at wells and/or platforms owned and/or operated by HCR.

VIII.

Offshore Marine Contractors, Inc. ("OMC") is the owner *pro hac vice* of the L/B NICOLE EYMARD, and invoiced $249,750.00 for the work done at HCR's wells/platforms.

IX.

On or about July 28, 2008, the vessel, L/B NICOLE EYMARD, was diverted toward the

West Delta 55 block, where it went on charter to assist with work at a well and/or platform there, off the coast of the State of Louisiana, and performed work there through July 30, 2008.

X.

While on charter in the West Delta 55 block, the L/B NICOLE EYMARD worked solely at a well and/or platform owned and/or operated by PEO.

XI.

OMC invoiced $58,800.00 for the work done at PEO's wells/platforms.

XII.

When the L/B NICOLE EYMARD attempted to free itself from the West Delta 55 location, it was unable to do so. It spent from July 31, 2008, through August 16, 2008, attempting to free its stuck leg. With a hurricane approaching in the Gulf of Mexico, OMC cut the leg on or about August 17, 2008, and by August 18, 2008, had returned to shore.

XIII.

For the period of July 31, 2008, through August 18, 2008, OMC invoiced $373,325.00 for downtime charter.

XIV.

OMC alleges the L/B NICOLE EYMARD was under repairs from August 19, 2008, through October 10, 2008, and invoiced an additional $1,007,000.00 in downtime charter for that period.

XV.

OMC alleges that it incurred $442,991.99 to repair the L/B NICOLE EYMARD.

XVI.

As the sum total of the above alleged charter hire and damages, OMC filed a claim in the

amount of $2,131,866.99 in the bankruptcy proceedings of Palm Energy Partners, L.L.C. ("PEP"), the parent company of PEO.

XVII.

PEP rejected the claim of OMC, alleging that the amount due was owed by PEO.

XVIII.

PEO later denied it chartered the L/B NICOLE EYMARD at any time, and alleged that CMWS chartered it (which Chet Morrison denies).

XIX.

HCR has denied it chartered the L/B NICOLE EYMARD at any time, and alleged that CMWS chartered it (which Chet Morrison denies).

XX.

HCR is managed by one of the 50% owners of PEO, William Gray.

XXI.

William Gray authorized the other 50% owner of PEO, Jonathan Garrett, to arrange the charters in both the Chandeleur 37 block, for the benefit of HCR, and in the West Delta 55 block, for the benefit of PEO.

XXII.

Jonathan Garrett has admitted that PEO and HCR are responsible for paying the charter hire owed to OMC.

XXIII.

Although Chet Morrison denies that it chartered the L/B NICOLE EYMARD for HCR/ PEO, in the eventuality it is found to have been the charterer of that vessel, Chet Morrison avers in the alternative that HCR and PEO are indebted to Chet Morrison for all amounts paid by Chet

Morrison to OMC for the charter of the L/B NICOLE EYMARD.

XXIV.

In the further alternative, if Chet Morrison chartered the L/B NICOLE EYMARD, which Chet Morrison denies, Chet Morrison is entitled to pass along to PEO and HCR its standard 15% mark-up on any amounts it pays to OMC.

XXV.

Pursuant to their Master Service Agreements with Chet Morrison, both HCR and PEO have agreed to pay interest at the rate of 1% per month (12% per annum) on all untimely payments. Thus, if Chet Morrison is found to be the charterer of the L/B NICOLE EYMARD, which it denies, Chet Morrison is due contractual interest on all payments it makes to OMC.

XXVI.

Despite amicable demands, neither HCR nor PEO have paid any amount in relation to the charter of the L/B NICOLE EYMARD.

XXVII.

In the further alternative, if Chet Morrison chartered the L/B NICOLE EYMARD, which Chet Morrison denies, the failures of HCR and PEO to pay any amounts to Chet Morrison for that charter constitute breaches of the Master Service Agreements between HCR/PEO and Chet Morrison.

WHEREFORE, plaintiff, Chet Morrison Contractors, L.L.C., respectfully requests that if it be found to be the charterer of the L/B NICOLE EYMARD—though Chet Morrison denies it was—that, in the alternative, Judgment be entered in its favor and against defendants, H.C. Resources, L.L.C. and Palm Energy Offshore, L.L.C., for all amounts Chet Morrison pays OMC, plus 15 % mark-up, all costs incurred in these proceedings, attorneys' fees, and all applicable

legal interest.  Chet Morrison also requests any other legal and equitable relief that this Court deems necessary and proper.

        Respectfully submitted,

        **REICH, ALBUM & PLUNKETT, L.L.C.**

        /s/ Robert S. Reich
        **ROBERT S. REICH, T.A. (#11163)**
        **MICHAEL T. WAWRZYCKI (#30788)**
        Two Lakeway Center, Suite 1000
        3850 North Causeway Boulevard
        Metairie, Louisiana 70002
        Telephone:  (504) 830-3999
        Facsimile:  (504) 830-3950
        E-mail:  rreich@rapllclaw.com
        E-mail:  mwawrzycki@rapllclaw.com
        *Counsel for Chet Morrison Contractors, L.L.C.*

**PLEASE SERVE:**

1.     PALM ENERGY OFFSHORE, L.L.C.
    *through its registered agent for service of process:*
    Paul J. Goodwine
    c/o Slattery, Marine & Roberts
    1100 Poydras St., Ste. 1800
    New Orleans, LA 70163

2.     H.C. RESOURCES, L.L.C.
    *through its attorney:*
    Paul J. Goodwine
    c/o Slattery, Marine & Roberts
    1100 Poydras St., Ste. 1800
    New Orleans, LA 70163